**GRANITE STATE LIMITED
PARTNERSHIP, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL
ACCOMMODATIONS COMMISSION,
Respondent.**

**No. 13899.**

District of Columbia Court of Appeals.

Argued May 17, 1979.

Decided June 27, 1979.

Lawrence L. Bell, Washington, D. C., for petitioner.

Jeffry A. Kappstatter, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel at the time the brief was filed, John C. Salyer, III and Michael A. Cain, Asst. Corp. Counsel, Washington, D. C., were on the brief for respondent.

Before NEWMAN, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Petitioner Granite State Limited Partnership (Granite State) in its petition for review urges this court to reverse a Decision and Order (Order) of the District of Columbia Rental Accommodations Commission (the Commission). The Order concludes that petitioner's rental property, a building containing some 167 separate living units, was not exempt from rent control because it was a "housing accommodation" as defined by D.C.Code 1978 Supp. V., § 45–1641(e), and that petitioner owed the complaining tenant a refund for the excess rent he had paid.[1] We conclude the Commission's interpretation of the statute was correct and its findings were based on substantial evidence. Accordingly, we affirm.

The complaining tenant asserted at the hearing before the hearing examiner that his monthly rent of $286.20 was in excess of the amount permitted by D.C.Code 1978 Supp. V., § 45–1644, and in support of his complaint he submitted receipts issued by petitioner, money order stubs indicating the amount of rent he had paid, and letters from petitioner demanding payment of that particular amount.[2] Petitioner claimed that the unit in which the tenant lived should be exempt from rent control because it was a licensed hotel unit and submitted a certification of occupancy to this effect, as well as a so-called "guest application" signed by the tenant. Petitioner also stipulated that of its 167 rooms, 96 were licensed as hotel units.

The Commission (and the hearing examiner from whose decision petitioner appealed to the Commission) based their decision on D.C.Code 1978 Supp. V., § 45–1641(e) which defines a "housing accommodation" subject to rent control as follows:

(e) The term "housing accommodation" means any structure or building in the District of Columbia containing one or more rental units, and the land appurtenant thereto. Such term shall not include any hotel, motel, or other structure, including any room therein, used primarily for transient occupancy *and in which at least 60 percent of the rooms devoted to living quarters for tenants or guests are used for transient occupancy.* (Emphasis added.)

The Commission reasoned that since petitioner concededly had only 57% of its rooms (96 of 167) licensed and occupied by transients it failed to qualify for exemption from rent control. By the Commission's interpretation of § 45–1641(e) no structure or rental unit therein may be exempt unless the statute's 60% level of "transient occupancy" is met or surpassed. This appears to us to be the plain meaning of the statute yet petitioner urges that since the room of the complaining tenant is licensed as a hotel unit,[3] its buildings must be exempted from the statute. Petitioner is unable, however, to demonstrate that its plea of exemption is consistent with the express language of the statute. As the Commission correctly stated in its opinion:

D.C.Law I–33 [§ 45–1631 et seq.] did not provide for exemption of individual rental units on the basis of their occupancy by transient guests. It only provided for their exemption when at least sixty percent of the units in a building were used for transient guests. Furthermore, RAC Regulation 1.10(aa) defined "transient" as any person living in a rental unit for a period of not more than fifteen consecutive days during any one stay in such

1. We note that the Commission properly remanded the tenant's complaint to the hearing examiner for a determination of the effect of the Rental Housing Act of 1977, D.C.Law 2–54, 22 D.C.Reg. 5334, on the status of petitioner's building, especially in light of the Act's definition of "transient occupancy." Petitioner sought our review of this matter before the hearing examiner had an opportunity to consider this question on remand.

2. This material was sufficient to prove a prima facie rent control violation since the rent ceiling for this rental unit was $137.21 per month.

3. RAC Regulation 1.10(a)(a) defines "transient" as one living in a particular rental unit *not more than* fifteen consecutive days. The complaining tenant occupied this particular unit for several months so his living unit would not have been exempt even under petitioner's construction of the statute.

unit. Since the tenant petitioner stayed much longer than fifteen days, he therefore could not be considered transient.

Since the Commission's interpretation of § 45–1641(e) was correct as a matter of law and its finding that petitioner was in violation of D.C.Code 1978 Supp. V., § 45–1644, was based on substantial evidence, *Washington Post Co. v. District Unemployment Compensation Board*, D.C.App., 377 A.2d 436 (1977); *Coakley v. Police and Firemen's Retirement and Relief Board*, D.C.App., 370 A.2d 1345 (1977), we must affirm.

*So ordered.*